| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Philip D. Dapeer (SBN 53378)<br>Philip D. Dapeer, a law corporation<br>2625 Townsgate Road, Suite 330, Westlake Village, CA 91361<br>Tel: (323) 954-9144; Fax (323) 954-0457<br><br>*Attorney for* Debtors Bob Ray Rivera and Debra Diane Rivera | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: Bob Ray Rivera and Debra Diane Rivera, | |
|---|---|
| | CHAPTER 11 |
| | CASE NUMBER 6:10-bk-45080 DS |
| | HEARING DATE: 11/27/12 |
| Debtor. | |

## NOTICE OF OBJECTION TO CLAIM

1.  TO *(specify claimant and claimant's counsel, if any)*:
    Wells Fargo Bank, N.A. and its counsel Pite Duncan, LLP

2.  NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim # 19 ) filed in the above referenced case.  The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3.  **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

    **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: 11/26/12

Philip D. Dapeer, a law corporation
*Law Firm Name*

By: _____

Date Notice Mailed: 11/26/12

Name:  Philip D. Dapeer
*Attorney for Objector*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                    **F 3007-1.3**

## OBJECTION TO CLAIM

1.    Debtors-in-possession Bob Ray Rivera and Debra Diane Rivera submit the following declarations and memorandum of points and authorities in support of their objection to Claim No. 19-2 of secured creditor Wells Fargo Bank, N.A.

DATED:  October 26, 2012

PHILIP D. DAPEER
A Law Corporation

_____
PHILIP D. DAPEER

Attorney for Debtors-In-Possession
Bob Ray Rivera and Debra Diane Rivera

1

# DECLARATION OF PHILIP D. DAPEER

I, Philip D. Dapeer, declare:

1.      I am reorganization counsel to the debtors-in-possession in this case, Bob Ray Rivera and Debra Diane Rivera.  In such capacity I have personal knowledge of the facts set forth in this declaration and if called and sworn as a witness could and would competently testify thereto.

2.      I give this declaration in support of debtors' objection to the secured claim of Wells Fargo Bank, N.A., being Claim 19-2 with respect to the creditor's first priority lien on the debtors' principal residence located at 1083 Crestbrook Drive, Riverside, CA 92506.  A copy of the proof of claim is attached as Exhibit "A" hereto.

3.      The background on this objection to claim is set forth in debtors' proposed order re treatment of first priority lien on debtors' principal residence, a copy of which is attached as Exhibit "B" hereto.  That proposed order addressed the proceedings had in this case on October 2, 2012, and provides the background for this objection to claim filed by debtors with respect to Claim No. 19-2 of Wells Fargo Bank, N.A.  While the court declined to consider the order on the ground that it was premature and should await the results of the objection to claim proceedings set for November 27, 2012, at 11:00 a.m. in courtroom 304, the order does provide a statement of the context in which this objection to claim arises.

4.      The objection to claim addresses the amount of the arrearages on the first priority lien of Wells Fargo Bank, N.A. and the question of whether or not payment of the arrearages over 60-months in equal monthly payments must be with an interest factor such that the debtors have to pay interest on interest.  Wells Fargo Bank, N.A. apparently takes the position that the debtors have to pay interest at the underlying contract rate on the unpaid

1

principal balance of the loan by making the contract monthly payments over the balance of the term of the underlying loan, and must also pay interest on the monthly arrearage payments that are designed to cure the arrearages over 60-months from the effective date of the plan.

5.    Wells Fargo Bank, N.A. claims that the unpaid balance of the secured claim is $405,831.21, according to amended Claim No. 19-2, Exhibit "A" hereto.  Such is, according to the secured creditor, the amount of the unpaid balance of the secured loan as of the date the debtors' Chapter 11 was filed.  Debtors do not take exception to the position of Wells Fargo Bank, N.A. that the unpaid balance of the underlying note and deed of trust shall be paid at the monthly contract rate and monthly contract payment for the balance of the term of the loan.  Such is precisely what the debtors' pending plan provides.  The dispute is over how to treat the arrearages.

6.    Wells Fargo Bank, N.A. takes the position that the arrearages on the loan are in the amount of $71,338.80. *See* the e-mail from the secured creditor's counsel to declarant, dated October 1, 2012, a copy of which is attached as Exhibit "C" hereto.

7.    Debtors contend that the amount of the arrearages is $52,911.71, as explained in detail in the accompanying declaration of debtor Bob Ray Rivera.

8.    Declarant forwarded to the lender's counsel, Casey J. O'Connell, a copy of the exhibit to the Rivera declaration on October 3, 2012, by e-mail attachment. *See* Exhibit "D" hereto.  As of this date, declarant has received no response whatsoever from the lender addressing in any fashion the debtor's accounting for the arrearages.

9.    Debtors seek an order of this court declaring the unpaid balance of the arrearages to be $52,911.71.

2

10.     With respect to the issue of interest, neither the promissory note nor the deed of trust attached as exhibits to the lender's proof of claim, provides for the payment of interest on interest. Unless the lender can demonstrate by a competent accounting that the amount of the claim set forth in Proof of Claim 19-2 does not include amounts due on arrearages, then the payment by debtors of the contract monthly payment over the balance of the term of the note will necessarily include the payment of arrearages with interest, and debtors should not be charged an additional interest factor on the arrearages to be cured over the 60-month period following the effective date of the plan. The point is simply stated that the secured lender cannot have it both ways. Either a statement of the unpaid balance of the loan includes the unpaid arrearages or the statement by the lender of the unpaid balance of the loan does not. Debtors have no idea what position Wells Fargo Bank, N.A. is taking because Wells has never stated its position as to what the amount of the claim set forth in Proof of Claim No. 19-2 represents. Wells Fargo Bank, N.A. has never provided an accounting of what the amount of $405,831.21 actually represents as stated in Proof of Claim No. 19-2. Wells Fargo Bank, N.A. should be required to provide documentary proof through an accounting that confirms that a balance will be due to the secured creditor on the mortgage loan in the amount of the arrearages if debtors were to make the underlying contract monthly payments over the balance of the remaining term of the loan. Again, the amount set forth in the secured creditor's proof of claim either includes arrearages or does not. Wells Fargo Bank, N.A. has not explained its position. If the proof of claim figure does not include arrearages, then interest would be chargeable because it represents, in essence, a second loan. Otherwise, the lender would be getting a windfall by charging interest on amounts that are already built into the remaining amortized balance of the lender's secured claim.

Executed at Westlake Village, California this 26th day of October, 2012.

DECLARTION OF PHILIP D. DAPEER

1

2    I declare under penalty of perjury under the laws of the United States of America that

3 the foregoing is true and correct

4

                Philip D. Dapeer

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARTION OF PHILIP D. DAPEER

B10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT | Central District of California | PROOF OF CLAIM |
|---|---|---|

| | |
|---|---|
| Name of Debtor:<br>Bob Ray Rivera and Debra Diane Rivera | Case Number:<br>6:10-bk-45080-DS |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Wells Fargo Bank, NA | ☑ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Pite Duncan, LLP<br>4375 Jutland Drive, Suite 200; P.O. Box 17933<br>San Diego, CA 92177-0933<br><br>Telephone number: (858) 750-7600 | **Court Claim** 19<br>**Number:**<br>_(If known)_<br><br>Filed on: 04/29/2011 |
| Name and address where payment should be sent (if different from above):<br>Wells Fargo Bank, NA<br> 1 Home Campus Attn: Bankruptcy Payment Processing MAC# x2302-04c Des Moines, IA 50328<br><br>Telephone number: (800) 274-7025 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $_____405,831.21_____<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.<br><br>**2. Basis for Claim:** MONEY LOANED<br>(See instruction #2 on reverse side.)<br><br>**3. Last four digits of any number by which creditor identifies debtor:** ******2565<br><br>    **3a. Debtor may have scheduled account as:** _____<br>    (See instruction #3a on reverse side.)<br><br>**4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:**    ☑ Real Estate    ☐ Motor Vehicle    ☐ Other<br>**Describe:** 1083 Crestbrook Drive, Riverside, CA 92506<br><br>**Value of Property:** $_____ **Annual Interest Rate** _____%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>if any: $ 11,025.76    **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $ 405,831.21    **Amount Unsecured:** $_____<br><br>**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.<br><br>**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See Instruction 7 and definition of "redacted" on reverse side.)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim.<br><br>☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).<br><br>☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).<br><br>☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507(a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).<br><br>**Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | |
|---|---|
| Date: 08/13/11 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>/s/ Todd S. Garan (CA SBN 236878) | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



| | | | | |
|---|---|---|---|---|
| Steven W. Pite *CA/NV/WA* | Josephine E. Salmon *AK/AZ/CA/NY* | Joseph C. Delmotte *CA* | Parada Kovadi *CA* | Gilbert R. Yabes *CA* |
| David E. McAllister *AZ/CA/HI/OR/UT/WA* | Ellen Cha *CA/MN* | Gabriel Ozel *CA/NY/TX* | Philip Giles *CA* | Matthew R. Clark, III *CA* |
| Casper J. Rankin *CA/OR* | Erin L. Laney *CA* | Balpreet K. Thiara *CA* | Catherine T. Vinh *CA* | Arnold L. Graff *CA/WI* |
| Eddie R. Jimenez *CA/NV/TX* | Gagan G. Vaideeswaran *CA* | Eric J. Testan *CA* | Ace C. Van Patten *ID/NV* | Cara Christensen *WA* |
| Brian A. Paino *AZ/CA/TX/VA* | John B. Acierno *CA* | Rachael Whalen *NY/NJ* | Jesse Baker *OR/UT/WA* | June A. Mann - *TX* |
| Christopher McDermott *CA* | | Benjamin Adams *CA* | Todd Garan *CA* | David A. DeSoto - *TX* |
| | | Jared Bissell *CA* | Matthew McArthur *NV* | Grant M. Tabor - *TX* |
| | | | Chad L. Butler *CA* | |

# AMENDED PROOF OF CLAIM BREAKDOWN SHEET

## IN RE: **RIVERA, BOB RAY AND DEBRA DIANE**
### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

### CASE NO. 6:10-bk-45080-DS
### CREDITOR: WELLS FARGO BANK, NA[1]

Payments

| | |
|---|---|
| 09/01/10 @ $3,229.19 | $3,229.19 |
| 10/01/10 @ $3,176.48 | $3,176.48 |
| Late Charges | $260.50 |
| Escrow Shortage | $3,109.59 |
| Attorneys' Fees and Costs (Per APO) | $950.00 |
| Post-Petition Bankruptcy Attorneys' Fees and Costs[2] | $300.00 |
| Total Arrears | $11,025.76 |
| | |
| **Outstanding Balance[3]** | **$405,831.21** |

---

[1] This Proof of Claim shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bank. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

[2] Please be on notice that these fees include the post-petition preparation and filing of this Proof of Claim; obtaining and reviewing the Chapter 11 Plan; and the preparation, filing and service of a Request for Courtesy Notice to monitor this bankruptcy. These post-petition fees are included in the Proof of Claim so that the subject loan is current upon completion of the Plan. If the Debtor(s) object to these fees being included in the Proof of Claim, please contact Steven Pite at (800) 500-8757 in order to have these fees and costs removed from the Proof of Claim..

[3] The total outstanding balance was calculated as of 03/09/11.

# NOTE

March 19, 2008                    CASTRO VALLEY                    California
_____                    _____                _____
[Date]                             [City]                          [State]

1083 Crestbrook Drive, Riverside, CA 92506
_____

[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 384,000.00     (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Wachovia Mortgage, FSB

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.500 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on May, 2008 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on April 1, 2038 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 1100 Corporate Center Drive, Raleigh, NC 27607
or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ 2,427.15 .

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

241430
MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

VMP-5N (0207)                    Form 3200 1/01
VMP MORTGAGE FORMS - (800)521-729
Page 1 of 3          Initials:


000006812565 Rivera

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of     Fifteen     calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     5.000     % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

241430

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
Bob R Rivera                    -Borrower

_____ (Seal)
Debra D Rivera                  -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

*[Sign Original Only]*

241430

000006812565 Rivera

DOC # 2008-0173764
04/08/2008 08:00A Fee:65.00
Page 1 of 19
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

RECORDING REQUESTED BY:

NORTH AMERICAN TITLE COMPANY

WHEN RECORDED MAIL TO:

Wachovia Mortgage, FSB
1100 Corporate Center Drive
Raleigh, NC 27607

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|------|------|
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
|   |   |   |     |      | T: |      | CTY | UNI | |

T
033

# DEED OF TRUST

## (TYPE OF DOCUMENT)

RECORDING REQUESTED BY
North American Title Company

Recording Requested By:
North American Title Company
21060 Redwood Rd, STE 110, CASTRO VALLEY, CA 94546
Return To:
Wachovia Mortgage, FSB
1100 Corporate Center Drive
Raleigh, NC 27607

Prepared By:
Wachovia Mortgage Corporation
1100 Corporate Center Drive
Raleigh, NC 27607

_____ e For Recording Data] _____

# DEED OF TRUST

MIN ▮▮▮▮▮▮▮▮▮▮

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated March 19, 2008
together with all Riders to this document.

**(B) "Borrower"** is Bob R Rivera and Debra D Rivera, Husband And Wife As
Community Property

Borrower's address is 1083 Crestbrook Drive, Riverside, CA 92506
. Borrower is the trustor under this Security Instrument.

**(C) "Lender"** is Wachovia Mortgage, FSB

Lender is a Federal Savings Bank
organized and existing under the laws of United States of America

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS        Form 3005  1/01

VMP ®-6A(CA) (0207).01

Page 1 of 15        Initials: ____

VMP Mortgage Forms, Inc.



1  PHILIP D. DAPEER (State Bar No. 53378)
   PHILIP D. DAPEER
2  A Law Corporation
   2625 Townsgate Road, Suite 330
3  Westlake Village, California 91361-5749
   Telephone:  (323) 954-9144
4  Facsimile:   (323) 954-0457

5  Attorney for Debtors-In-Possession

6

7              UNITED STATES BANKRUPTCY COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

10 In re:                                  Case No.: 6:10-bk-45080-DS

11 BOB RAY RIVERA and DEBRA DIANE          [Chapter 11]
   RIVERA,
                                           **ORDER RE TREATMENT OF FIRST**
12        Debtors-In-Possession.           **PRIORITY LIEN ON DEBTORS'**
                                           **PRINCIPAL RESIDENCE**
13
                                           Date:   October 2, 2012
14                                         Time:  11:00 a.m.
                                           Ctrm:  304
15

16        This case came on regularly for hearing on debtors' motion for plan confirmation on

17 August 23, 2012.  At that time, Wells Fargo Bank, the holder of the first priority lien on the

18 debtors' principal residence, raised an objection with respect to the treatment of its lien in

19 debtors' Third Amended Plan of Reorganization with respect to the principal residence

20 located at 1083 Crestbrook Drive, Riverside, CA.  The debtors' pending plan, at Class 2(c),

21 proposes to cure the arrearages on the mortgage by making monthly payments over the

22 remaining terms of the underlying contract documents at the rate of interest called for in the

23 underlying contract documents.  Wells Fargo Bank objected to the debtors' attempt to extend

24 the cure payments over the balance of the term of the underlying note and deed of trust.

25 Wells Fargo Bank urged that the "cure" had to occur over a "reasonable" period of time and

26 that a "reasonable" period of time should be no longer than 60-months, being the same time

27 period for such "cure" to take place in the context of the case under Chapter 13 of the

28 Bankruptcy Code.  The court requested briefing on the matter, and continued the hearing on

                                    " B "
                                     1

1  plan confirmation to October 2, 2012, in order for the court to be able to consider the

2  briefing submitted by debtors and Wells Fargo Bank on the issue.  The court now having

3  considered the briefing filed by debtors and Wells Fargo Bank, the arguments of counsel

4  presented at the hearing on October 2, 2012, and the terms of the debtors' pending Third

5  Amended Plan of Reorganization, the court announces its findings of fact and conclusions of

6  law as stated orally on the record of the hearing on October 2, 2012, and HEREBY ORDERS

7  that the debtors' Third Amended Plan of Reorganization improperly impairs the first priority

8  lien of Wells Fargo Bank with respect to the debtors' principal residence, does not amount to

9  a cure of the default, and the treatment afforded Wells Fargo Bank as the holder of the Class

10  2(c) claim cannot be crammed down notwithstanding the votes that the debtors have

11  obtained from all other impaired classes to accept the plan.  At the hearing on October 2,

12  2012, counsel for debtors announced that debtors would thereupon accept the proposal made

13  by Wells Fargo Bank to allow debtors to cure the arrearages over 60-months, preserving

14  their right to seek appellate review of this court's ruling on the matter, which was acceptable

15  to counsel for Wells Fargo Bank.  The court CONTINUES the confirmation hearing to

16  November 27, 2012, at 11:00 a.m. in courtroom 304 in order to resolve the question of the

17  amount of the arrearages which, as of October 2, 2012, still appears to be in dispute between

18  the parties, and to resolve the question of whether or not Wells Fargo can charge interest on

19  interest by building in an interest factor on the monthly arrearage payments.  Unless the

20  issues of the amount of the arrearages and whether or not interest can be charged on the

21  arrearage payments are resolved by stipulation of the parties, debtors shall file an objection

22  to claim with respect to the matter at least 30-days prior to the continued hearing and the

23  court will address the question of the amount of the arrearages and whether interest may be

24  charged on the arrearages at the continued hearing.

25

26  DATED:

27  _____

28  UNITED STATES BANKRUPTCY JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER ON TREATMENT OF FIRST PRIORITY LIEN ON PRINCIPAL RESIDENCE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2625 Townsgate Road, Suite 330, Westlake Village, CA 91361-5749.

A true and correct copy of the foregoing document entitled: **ORDER RE TREATMENT OF FIRST PRIORITY LIEN ON DEBTORS' PRINCIPAL RESIDENCE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 9, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On October 9, 2012, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

United States Trustee (RS)
3685 Main Street, Suite 300
Riverside, CA 92501-2804

The Honorable Deborah J. Saltzman
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 385
Riverside, CA 92501-3819

☐  Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| | | **/s/ Philip D. Dapeer** |
| Date:  October 9, 2012 | Philip D. Dapeer | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled: **ORDER RE TREATMENT OF FIRST PRIORITY LIEN ON DEBTORS' PRINCIPAL RESIDENCE** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of October 9, 2012, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Richard J Bauer    rbauer@mileslegal.com
Philip D Dapeer    PhilipDapeer@AOL.com
Mark Domeyer    mdomeyer@mileslegal.com
Abram Feuerstein    abram.s.feuerstein@usdoj.gov
Todd S Garan    ecfcacb@piteduncan.com
Christopher M McDermott    ecfcacb@piteduncan.com
Randall P Mroczynski    randym@cookseylaw.com
Edward G Schloss    egs2@ix.netcom.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Darlene C Vigil    cdcaecf@bdfgroup.com
Edward T Weber    bknotice@rcolegal.com

☐  Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

☐  Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☒  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9012-1.1 NOTICE OF ENTERED ORDER**

**In re: Bob Ray Rivera and Debra Diane Rivera**
United States Bankruptcy Court
Central District of California – Riverside County
Case No.: 6:10-bk-45080-DS

SERVICE LIST

| | | |
|---|---|---|
| Employment Development Dept<br>Bankruptcy Group MIC 92E<br>PO Box 826880<br>Sacramento, CA | Franchise Tax Board<br>Attn: Bankruptcy<br>PO Box 2952<br>Sacramento, CA 95812-2952 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 21126<br>Philadelphia, PA 19114-0326 |
| Securities Exchange Commission<br>5670 Wilshire Blvd., 11th Floor<br>Los Angeles, CA 90036-5627 | Riverside Division<br>3420 Twelfth Street<br>Riverside, CA 92501-3842 | Altura Credit<br>2847 Campus parkway<br>Riverside, CA 92507-0906 |
| Altura Credit Union Visa<br>PO Box 60039<br>City of Industry, CA 91716-0039 | Arco Gas Pro Plus<br>PO Box 70887<br>Charlotte, NC 28272-0887 | Altura Credit Union<br>PO Box 908, Attn: Kristin Lewis<br>Riverside, CA 92502-0908 |
| BAC Home Loans<br>PO Box 515503<br>Los Angeles, CA 90051-6803 | Bob Ray Rivera<br>1083 Crestbrook Drive<br>Riverside, CA 92506-5663 | Debra Diane Rivera<br>1083 Crestbrook Drive<br>Riverside, CA 92506-5663 |
| Citibank<br>PO Box 6241<br>Sioux Falls, SD 57117-6241 | Discover Financial Services<br>PO Box 15316<br>Wilmington, DE 19850 | Ford Motor Credit<br>PO Box 542000<br>Omaha, NE 68154-8000 |
| Ford Motor Credit Company<br>PO Box 7172<br>Pasadena, CA 91109-7172 | GE Money Bank<br>PO Box 103104<br>Rosewell, GA 30076-9104 | Home Depot Credit<br>PO Box 182676<br>Columbus, OH 43218-2676 |
| Kohls<br>PO Box 2983<br>Milwaukee, WI 53201-2983 | Labcorp of America<br>PO Box 2240<br>Burlington, NC 27216-2240 | Litton Loan Servicing<br>4828 Loop Central Drive<br>Houston, TX 77081-2166 |
| NDEX West LLC<br>15000 Surveyor Blvd., Ste 500<br>Addison, TX 75001-4417 | Riverside Medical<br>1660 Arlington Avenue<br>Riverside, CA 92506-3987 | Shell/Citi Bank<br>PO Box 6497<br>Sioux Falls, SD 57117-6497 |
| Specialized Loan<br>8742 Lucent Blvd., Ste 300<br>Highland Ranch, CO 80129-2386 | United States Trustee (RS)<br>3685 Main Street, Suite 300<br>Riverside, CA 92501-2804 | Wachovia Mortgage<br>PO Box 1697<br>Winterville, NC 28590-1697 |
| Wells Fargo Card Services<br>18700 NW Walker Road<br>Beaverton, OR 97006-2950 | Wells Fargo Home Mortgage<br>PO Box 10335<br>Des Moines, IA 50306-0335 | Wells Fargo, N.A.<br>c/o Wells Fargo Card Services<br>PO Box 9210<br>Des Moines, IA 50306-9210 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Philip Dapeer

| | |
|---|---|
| **From:** | Casey J. O'Connell <coconnell@piteduncan.com> |
| **Sent:** | Monday, October 01, 2012 1:24 PM |
| **To:** | Philip Dapeer |
| **Cc:** | Robert Norwood |
| **Subject:** | RE: Rivera 10-45080 |

Mr. Dapeer,

After numerous communications with my client in the above matter with respect to the proper amount of contractual arrears, I have confirmed with my client that all payments made by the Debtors have been credited to Debtors' loan. Accordingly, the current contractual arrears owed on the loan is in the amount of **$71,338.80**.

Based on the court's ruling at tomorrow's confirmation hearing, the above quoted contractual arrears amount will need to be repaid. I am confident the court will rule in my client's favor. If so, the Debtors will owe $1,188.98 in monthly payments for sixty months to cure the arrears.

Thank you,

Casey O'Connell
Associate Attorney
Pite Duncan, LLP
P: 858.750.7618
F: 858-412-2762
coconnell@piteduncan.com

---

**From:** Philip Dapeer [mailto:phil@dapeerlaw.com]
**Sent:** Tuesday, September 18, 2012 9:40 AM
**To:** Casey J. O'Connell
**Cc:** Bestway01 (bestway01@aol.com)
**Subject:** Rivera

Payments that have not been credited to the debtors' loan.

Very truly yours,

*Philip D. Dapeer*

**LAW OFFICES OF PHILIP D. DAPEER**
A Law Corporation
Offices in Beverly Hills & Westlake Village
(323) 954 9144 & (805) 557-7001

Visit our website at www.piteduncan.com This message is intended for the use of the individual or entity to which it is addressed and may contain attorney/client information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any

1

dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply email or by telephone (call us collect at 858/750-7600) and immediately delete this message and all its attachments. Thank you.

**Philip Dapeer**

| | |
|---|---|
| **From:** | Philip Dapeer |
| **Sent:** | Wednesday, October 03, 2012 8:35 AM |
| **To:** | 'Casey J. O'Connell' |
| **Cc:** | Bestway01 (bestway01@aol.com) |
| **Subject:** | RE: Rivera 10-45080 |
| **Attachments:** | 20121003091611362.pdf |

See attached accounting of the impound payments made directly by the debtors because the lender did not pay the taxes and insurance.

**From:** Casey J. O'Connell [mailto:coconnell@piteduncan.com]
**Sent:** Monday, October 01, 2012 1:24 PM
**To:** Philip Dapeer
**Cc:** Robert Norwood
**Subject:** RE: Rivera 10-45080

Mr. Dapeer,

After numerous communications with my client in the above matter with respect to the proper amount of contractual arrears, I have confirmed with my client that all payments made by the Debtors have been credited to Debtors' loan. Accordingly, the current contractual arrears owed on the loan is in the amount of **$71,338.80**.

Based on the court's ruling at tomorrow's confirmation hearing, the above quoted contractual arrears amount will need to be repaid. I am confident the court will rule in my client's favor. If so, the Debtors will owe $1,188.98 in monthly payments for sixty months to cure the arrears.

Thank you,

Casey O'Connell
Associate Attorney
Pite Duncan, LLP
P: 858.750.7618
F: 858-412-2762
coconnell@piteduncan.com

**From:** Philip Dapeer [mailto:phil@dapeerlaw.com]
**Sent:** Tuesday, September 18, 2012 9:40 AM
**To:** Casey J. O'Connell
**Cc:** Bestway01 (bestway01@aol.com)
**Subject:** Rivera

Payments that have not been credited to the debtors' loan.

Very truly yours,

*Philip D. Dapeer*

**LAW OFFICES OF PHILIP D. DAPEER**
A Law Corporation

1    "E"    "D"

Offices in Beverly Hills & Westlake Village
(323) 954 9144 & (805) 557-7001

Visit our website at www.piteduncan.com This message is intended for the use of the individual or entity to which it is addressed and may contain attorney/client information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply email or by telephone (call us collect at 858/750-7600) and immediately delete this message and all its attachments. Thank you.

PHILIP D. DAPEER (State Bar No. 53378)
PHILIP D. DAPEER
A Law Corporation
2625 Townsgate Road, Suite 330
Westlake Village, California 91361-5749
Telephone:  (323) 954-9144
Facsimile:  (323) 954-0457

Attorney for Debtors-In-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 6:10-bk-45080-DS |
| BOB RAY RIVERA and DEBRA DIANE RIVERA, | [Chapter 11] |
| Debtors-In-Possession. | **DECLARATION OF BOB RAY RIVERA IN SUPPORT OF DEBTORS' OBJECTION TO CLAIM** |
| | Date:  November 27, 2012<br>Time:  11:00 a.m.<br>Ctrm:  304 |

## DECLARATION OF BOB RAY RIVERA

I, Bob Ray Rivera, declare:

1.      I am one of the debtors-in-possession in this case.  The other debtor-in-possession is my wife.  I have personal knowledge of the facts set forth in this declaration and if called and sworn as a witness could and would competently testify thereto.

2.      I give this declaration in support of debtors' objection to claim of Wells Fargo Bank with respect to the question of the unpaid arrearages and the calculation of the amount of the unpaid arrearages on the first priority lien on the debtors' principal residence.  This

1

declaration is given following the proceedings in this case that took place on debtors' motion for confirmation of their Third Amended Plan of Reorganization on October 2, 2012.

3.    Debtors were present in court at the hearing on October 2, 2012. The exhibits hereto were delivered to counsel for Wells Fargo Bank by e-mail from debtors' counsel in this case to counsel for Wells Fargo Bank. Attached hereto, marked Exhibit "A" and incorporated herein by this reference is a true copy of the e-mail from debtors' counsel to counsel for Wells Fargo Bank enclosing the exhibits that I reference in this declaration.

4.    I have undertaken a calculation of the payments that debtors have made with respect to the first priority lien in favor of Wells Fargo Bank on the subject property. I have prepared that accounting based upon original source documents consisting of home mortgage billing statements from secured creditor Wells Fargo Bank, checks issued by debtors and records evidencing payment of those checks. The records are all maintained in the ordinary course of debtors' business of owning, operating and managing their investment real estate properties. The records accurately reflect the accounting that I prepared based upon those original source records.

5.    Debtors' accounting shows the following: Payments made by debtors and payments not made by debtors on the mortgage in favor of Wells Fargo Bank, insurance payments made directly by debtors and real estate secured taxes paid directly by debtors. It is debtors' position that debtors, as of the date of this declaration, are in arrears for 22 missed mortgage payments at $3,176.48 per payment for a total of $69,882.56, less taxes paid outside of the impound account in the amount of $12,073.85 and less insurance paid outside of the impound account in the amount of $4,897.00, for a total arrearage of $52,911.71.

6.    Debtors made the decision to pay the real estate taxes and insurance outside of the impound account when I discovered that Wells Fargo Bank was not making the payments

DECLARATION OF RIVERA IN SUPPORT OF OBJECTION TO CLAIM

for taxes and insurance that were to be impounded but continued to bill the debtors as if

insurance and taxes had been paid by the lender.  Thus, it is the position of debtors that the

amount of the secured claim asserted by Wells Fargo Bank in this case includes the two tax

payments and the insurance payments that I have already made and which Wells Fargo Bank

never made as required by the impound agreement.  Debtors made the insurance payments

directly because they could never obtain from Wells Fargo Bank proof of insurance

coverage, and debtors had to satisfy the United States Trustee in this case that the property

was duly insured.  Wells Fargo Bank would not provide the United States Trustee with

confirmation that the United States Trustee would be notified in the event of any lapse in

insurance, and the debtors were never notified by Wells Fargo Bank of anything concerning

the status of insurance on the property, notwithstanding my repeated demands that I be given

an accounting and explanation as to the status of insurance placed on the property.  Of

course, I was able to determine from public records that Wells Fargo Bank had not paid real

estate taxes on the property.

7.    Consequently, it is debtors' position that the correct arrearage amount on the

first priority lien is $52,911.71 per my accounting and the attachments to the accounting,

marked Exhibit "A" hereto and incorporated herein by this reference.

Executed at Riverside, California this 20 day of October, 2012.

I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

Bob Ray Rivera

| | Payment | Missed payment | taxes | insurance |
|---|---|---|---|---|
| 8/31/2010 | 3153.17 | paid | | 188 |
| 9/30/2010 | 3229.19 | paid | | 188 |
| 10/31/2010 | 0 | 1 | | 188 |
| 11/30/2010 | 0 | 2 | | 188 |
| 12/31/2010 | 0 | 3 | | 188 |
| 1/31/2011 | 0 | 4 | | 188 |
| 2/28/2011 | 0 | 5 | | 188 |
| 3/31/2011 | 0 | 6 | | 188 |
| 4/30/2011 | 0 | 7 | | 188 |
| 5/31/2011 | 0 | 8 | | 188 |
| 6/30/2011 | 0 | 9 | | 188 |
| 7/31/2011 | 0 | 10 | | 188 |
| 8/31/2011 | 0 | 11 | | 188 |
| 9/30/2011 | 3176.48 | paid | | 188 |
| 10/31/2011 | 3176.48 | paid | | 188 |
| 11/30/2011 | 0 | 12 | | 188 |
| 12/31/2011 | 0 | 13 | | 188 |
| 1/31/2012 | 0 | 14 | 6266.99 | 189 |
| 2/29/2012 | 0 | 15 | | 189 |
| 3/30/2012 | 0 | 16 | | 189 |
| 4/30/2012 | 0 | 17 | | 189 |
| 5/30/2012 | 0 | 18 | | 189 |
| 6/31/2012 | 0 | 19 | 5806.86 | 189 |
| 7/31/2012 | 0 | 20 | | 189 |
| 8/30/2012 | 0 | 21 | | 189 |
| 9/30/2012 | 0 | 22 | | 189 |

**22 missed payments x 3176.48 = 69882.56**
**less taxes paid outside of impound acct.**          12073.85
**less insurance paid outside of impound acct.**                    4897

**Net outstanding balance owed- 69882.56-(12073.85 + 4897 )=**          52,911.71

*A*

PMA account 6887198544 ⬛ August 1, 2010 - August 31, 2010 ⬛ Page 8 of 9



# Home Mortgage

**Property address**

1083 Crestbrook Drive
Riverside, CA 92506

Account number: **708-0006812565**

**BOB R RIVERA**
**DEBRA D RIVERA**

*Wells Fargo Home Mortgage*

**Loan summary**



Original date of mortgage — 3/19/08
Interest rate — 6.500%
Unpaid principal balance* as of 8/31 — $398,217.88
Current monthly payment — $3,153.17
Escrow balance — $289.37
Interest paid year-to-date — $6,390.77
Taxes paid year-to-date — $2,603.38
*Contact Customer Service for your payoff balance.

⬛   This is a summary statement of your Home Mortgage account.  You will continue to receive a complete periodic statement.



PMA account 6887198544 ▦ September 1, 2010 - September 30, 2010 ▦ Page 2 of 8

# Overview of your PMA account

## Assets

| Account  (Account Number) | Percent of total | Balance last month ($) | Balance this month ($) | Increase/ decrease ($) | Percent change |
|---|---|---|---|---|---|
| PMA® Prime Checking Account (6887198544) | 86% | 735.63 | 620.57 | (115.06) | (15.64)% |
| Wells Fargo® High Yield Savings (6657271968) | 14% | 100.03 | 100.05 | 0.02 | 0.02% |
| **Total assets** | | **$835.66** | **$720.62** | **($115.04)** | **(13.77)%** |

### Total asset allocation (by account type)



Savings: 14%

Checking: 86%

## Liabilities

| Account  (Account Number) | Percent of total | Outstanding balance last month ($) | Outstanding balance this month ($) | Increase/ decrease ($) | Percent change |
|---|---|---|---|---|---|
| Home Mortgage (708-0006812565) | 100% | 398,217.88 | 397,769.81 | (448.07) | (0.11)% |
| **Total liabilities** | | **$398,217.88** | **$397,769.81** | **($448.07)** | **(0.11)%** |

### Total liability allocation (by account type)



Home Mortgage: 100%

## Interest, dividends and other income

*The information below should not be used for tax planning purposes.*

| Account | This month | This year |
|---|---|---|
| PMA® Prime Checking Account (6887198544) | 0.02 | 0.06 |
| Wells Fargo® High Yield Savings (6657271968) | 0.02 | 0.05 |
| **Total interest, dividends and other income** | **$0.04** | **$0.11** |



PMA account 6887198544 ■ September 1, 2010 - September 30, 2010 ■ Page 3 of 8

## OVERVIEW OF YOUR PMA ACCOUNT (CONTINUED)

### Interest expense

| Account | This month | This year |
|---|---|---|
| Home Mortgage (708-0005812565) | 2,157.01 | 8,547.78 |
| Total interest expense | $2,157.01 | $8,547.78 |



*CH157313010020766020400000

PMA account 6887198544 ☑ September 1, 2010 - September 30, 2010 ☑ Page 7 of 8



# Home Mortgage

**Property address**

1083 Crestbrook Driv
Riverside, CA 92506

Account number: **708-0006812565**

**BOB R RIVERA**
**DEBRA D RIVERA**

*Wells Fargo Home Mortgage*

**Loan summary**

| | |
|---|---|
| Original date of mortgage | 3/19/08 |
| Interest rate | 6.500% |
| Unpaid principal balance* as of 9/30 | $397,769.81 |
| Current monthly payment | $3,229.19 |
| Escrow balance | $837.46 |
| Interest paid year-to-date | $8,547.78 |
| Taxes paid year-to-date | $2,603.38 |

*Contact Customer Service for your payoff balance.*

☑ **This is a summary statement of your Home Mortgage account.  You will continue to receive a complete periodic statement.**



*CII1573130)02U766)04])14]0)0)0)0)



# Overview of your PMA account

## Assets

| Account  (Account Number) | Percent of total | Balance last month ($) | Balance this month ($) | Increase/ decrease ($) | Percent change |
|---|---|---|---|---|---|
| PMA® Prime Checking Account (6887198544) | 87% | 620.57 | 681.81 | 61.24 | 9.87% |
| Wells Fargo® High Yield Savings (6657271968) | 13% | 100.05 | 100.06 | 0.01 | 0.01% |
| **Total assets** | | **$720.62** | **$781.87** | **$61.25** | **8.50%** |

Total asset allocation (by account type)



Savings: 13%

Checking: 87%

## Liabilities

| Account  (Account Number) | Percent of total | Outstanding balance last month ($) | Outstanding balance this month ($) | Increase/ decrease ($) | Percent change |
|---|---|---|---|---|---|
| Home Mortgage (708-0006812565) | 100% | 397,769.81 | 397,769.81 | 0.00 | 0.00% |
| **Total liabilities** | | **$397,769.81** | **$397,769.81** | **$0.00** | **0.00%** |

Total liability allocation (by account type)



Home Mortgage: 100%

## Interest, dividends and other income

*The information below should not be used for tax planning purposes.*

| Account | This month | This year |
|---|---|---|
| PMA® Prime Checking Account (6887198544) | 0.02 | 0.08 |
| Wells Fargo® High Yield Savings (6657271968) | 0.01 | 0.06 |
| **Total interest, dividends and other income** | **$0.03** | **$0.14** |

PMA account 6887198544 ☒ October 1, 2010 - October 31, 2010 ☒ Page 7 of 9



# Home Mortgage

**Property address**

1083 Crestbrook Driv
Riverside, CA 92506

Account number: **708-0006812565**

**BOB R RIVERA**
**DEBRA D RIVERA**

*Wells Fargo Home Mortgage*

## Loan summary

| | |
|---|---|
| Original date of mortgage | 3/19/08 |
| Interest rate | 6.500% |
| Unpaid principal balance* as of 10/31 | $397,769.81 |
| Current monthly payment | $3,229.19 |
| Escrow balance | $837.46 |
| Interest paid year-to-date | $8,547.78 |
| Taxes paid year-to-date | $2,603.38 |

*Contact Customer Service for your payoff balance.

☒ This is a summary statement of your Home Mortgage account. You will continue to receive a complete periodic statement.

231435



*CII573131||02453||04||05||04||1||1||



**Wells Fargo Advisors**

### View Check Copy

| Check Number | Date Posted | Check Amount | Account Number |
|---|---|---|---|
| 1001 | 01/05/12 | $6,254.99 | Crestbrook Dr. XXXXXX5373 |

Proc.01/04/2012 Rec.01/04/2012 0113561004

BOB R. RIVERA
DEBRA D. RIVERA
1053 CRESTBROOK DR.
RIVERSIDE, CA 92505
RE: GENERAL ACCOUNT

16-24/1332 6545
2298475373

Dec 29 11

Date

Pay to the
Order of _Riverside Tax Collector_ $6254.99

_Sixty thousand two hundred fifty four_ 99/100 Dollars

Wells Fargo Bank, N.A.
California
WellsFargo.com

For _Crestbrook_                 _Bob Rivera_

⑆122000247⑆ 2298475373⑈ 01001

Proc.01/04/2012 Rec.01/04/2012 011355 106

⌂ **Equal Housing Lender**

© 1995 - 2012 Wells Fargo. All rights reserved.



Wells Fargo Advisors

## View Check Copy

| Check Number | Date Posted | Check Amount | Account Number |
|---|---|---|---|
| 1011 | 08/14/12 | $5,806.86 | Crestbrook Dr. XXXXXX5373 |

Proc.06/13/2012 Rec.06/13/2012 022227 19
1011

BOB R. RIVERA
DEBRA D. RIVERA
1083 CRESTBROOK DR.
RIVERSIDE, CA 92506
RE: GENERAL ACCOUNT

10-24/1220 5945
2298475373

Pay to the Order of _Don Kent Treasurer_    $5,806.86

_Five thousand eight hundred six_    Dollars

WELLS FARGO
Wells Fargo Bank, N.A.
California
wellsfargo.com

For _____

⑆122000247⑆ 2298475373⑈ 01011

Proc.06/13/2012 Rec.06/13/2012 022227 19

⌂ Equal Housing Lender
© 1995 - 2012 Wells Fargo. All rights reserved.





# Home Mortgage

## Property address

1083 Crestbrook Driv
Riverside, CA 92506

Account number: **708-0006812565**

**BOB R RIVERA**
**DEBRA D RIVERA**

*Wells Fargo Home Mortgage*

## Loan summary



| | |
|---|---|
| Original date of mortgage | 3/19/08 |
| Interest rate | 6.500% |
| Unpaid principal balance* as of 12/31 | $397,769.81 |
| Current monthly payment | $3,229.19 |
| Escrow balance | -$843.82 |
| Interest paid year-to-date | $8,547.78 |
| Taxes paid year-to-date | $2,603.38 |

*Contact Customer Service for your payoff balance.*

⊠ This is a summary statement of your Home Mortgage account. You will continue to receive a complete periodic statement.

388260

RECIPIENT'S/LENDER'S name, address and telephone number    01/21/12

Wells Fargo Bank, N.A.
Return Mail Operations
Po Box 14411
Des Moines, IA 50306-3411

We accept telecommunications relay service calls.
Fax #: 1-866-278-1179
Phone #: 1-800-274-7025

PAYER'S/BORROWER'S name, street address, city, state, and ZIP code

1AT    07354/459595/007364 1644   1 ACP8U3 708

BOB R RIVERA
DEBRA D RIVERA
1083 CRESTBROOK DR
RIVERSIDE CA 92506-5663

**\*Caution:** *The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person.*

OMB No. 1545-0901

**2011**

Substitute Form 1098

☐ CORRECTED (if checked)

| | |
|---|---|
| RECIPIENT'S Federal Identification no. | 94-1347393 |
| PAYER'S Social Security number | XXX-XX-5943 |
| 1 Mortgage Interest received from payer(s)/borrower(s) | $5,210.16 |
| 2 Points paid on purchase of principle residence (See Box 2 on back) | $0.00 |
| 3 Refund of overpaid interest (See Box 3 on back) | $0.00 |
| 4 Mortgage Insurance Premiums | $0.00 |
| Account number (optional) 0006812565 | 5 Real Estate Taxes $0.00 |

**MORTGAGE INTEREST STATEMENT**

**Copy B For Payer**

The information in boxes 1, 2, 3, and 4 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return.

Form 1098 Substitute    SEE BACK SIDE FOR IMPORTANT INFORMATION (Keep for your records)    Department of the Treasury - Internal Revenue Service

Please consult a Tax Advisor about the deductibility of any payments made by you or others.

| Principal reconciliation | Property address |
|---|---|
| $397,769.81   Beginning balance | 1083 CRESTBROOK DRIVE |
| $903.42   Principal applied | RIVERSIDE CA 92506 |
| $396,866.39   Ending balance | |
| | $3,176.48   Total current payment |
| | $571.40   Escrow portion of pmt |

— 2011 INTEREST DETAIL —

TOTAL INTEREST APPLIED 2011      $4,306.74
PLUS PAYMENTS APPLIED TO PREVIOUSLY DEFERRED INTEREST      $903.42
2011 MORTGAGE INTEREST RECEIVED FROM PAYER/BORROWER(S)      $5,210.16

If you have questions about your loan, you can use our automated "Personal Mortgage Information Line" at the toll free number listed at the top of this statement. By selecting one of the options listed, you can receive information regarding:

- Taxes paid year-to-date
- The amount & date of your last payment
- Interest paid year-to-date
- Other valuable information

Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., believes Customers come first. You can always count on us to provide the excellent service you've come to expect.



**Chase Online**

BUSINESS CLASSIC (...6024)

Check Number: 1008

Post Date: 10/11/2011

Amount of Check: $3,176.48



Need help printing or saving this check?

Need help printing or saving this check?

© 2012 JPMorgan Chase & Co.

## Chase Online

BUSINESS CLASSIC (...6024)

Check Number: 1007                    Post Date: 09/07/2011                    Amount of Check: $3,176.48



Need help printing or saving this check?



Need help printing or saving this check?

©2012 JPMorgan Chase & Co.

## For Informational Purposes

Property Address
1083 CRESTBROOK DRIVE
RIVERSIDE CA 92506

**Customer Service** 🖥 **Online**
wellsfargo.com/ym

📠 **Fax** ☎ **Telephone**
(866) 278-1179 (800) 274-7025
**Correspondence** **Hours of Operation**
PO Box 10335 Mon - Fri, 8 AM - 5 PM CT
Des Moines IA 50306
✉ **Payments**
PO Box 30427
Los Angeles CA 90030
We accept telecommunications relay service calls.

ılı|ılı|ılı|ılı|ılı|ılı|ılı|ılı|ılı|ılı|ıllı|ıl|

1AB        0089/007088/000100 025 01 AGP36P 708

BOB R RIVERA
DEBRA D RIVERA
1083 CRESTBROOK DR
RIVERSIDE CA  92506-5663

### Important Messages

This statement is for informational purposes only. Our records indicate that your loan is subject to bankruptcy. The attached coupon reflects the calendar due date, not the contractual due date of the bankruptcy case. If you have any questions regarding your loan, please contact your bankruptcy attorney or our office.

### Summary

| | | | |
|---|---|---|---|
| Payment (Principal and/or Interest, Escrow) | $3,176.48 | **Unpaid Principal Balance** | $396,866.39 |
| Optional Product(s) | $0.00 | **Unpaid Advance Balance** | $1,340.00 |
| **Current Monthly Payment 11/01/11** | **$3,176.48** | *(Contact Customer Service for your payoff amount)* | |
| | | **Interest Rate** | 6.500% |
| Overdue Payments 11/01/10 - 10/01/11 | $38,117.76 | **Interest Paid Year-to-Date** | $4,306.74 |
| Unpaid Late Charge(s) | $260.50 | **Taxes Paid Year-to-Date** | $0.00 |
| Other Charges | $20.00 | **Escrow Balance** | $1,986.67 |
| **TOTAL PAYMENT  11/01/11** | **$41,574.74** | | |

### Activity Since Your Last Statement

This statement is for informational purposes only and is being provided as a courtesy should you voluntarily decide to make your loan payments. This statement should not be construed as an attempt to collect a debt or a demand for payment contrary to any protections you may have received pursuant to your bankruptcy case.

If you have received a discharge, and the loan was not reaffirmed in the bankruptcy case, we will only exercise our rights as against the property and we are not attempting any act to collect the discharged debt from you personally.

If your Plan requires you to make regular post-petition mortgage payments directly to the Bankruptcy Trustee, and you chose to maintain your mortgage payment, any payment should be remitted to the Trustee or otherwise in accordance with the Plan you filed with the Bankruptcy court.

*2605.05 impounds* (handwritten)

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 10/10 | Payment | $3,176.48 | $452.93 | $2,152.15 | $571.40 | |
| 09/09 | Advance | $150.00 | | | | Bankruptcy atty costs |
| 09/09 | Advance | $800.00 | | | | Bankruptcy atty fees |

007088/000100 AGP36P 0069 ETM1C002 1

---



| | | | |
|---|---|---|---|
| **Loan Number** | 0006812565 | **Monthly Payment** A | $ |
| **Total Payment** | $41,574.74 | x pmt amt | |
| | | **Additional Principal** B | $ |

*Check here and see reverse for address correction.*

BOB R RIVERA
DEBRA D RIVERA
0089/007088/000100 025 01 AGP36P 708

Please specify additional funds. Any additional funds not specified will be applied first to any outstanding charges.

| | |
|---|---|
| **Late Charges** C | $ |
| **Other Charges** D | $ |

ılı|ılı|ıllı|ıllı|ıllı|ıllı|ılı|ılı|ılı|ılı|ılı|

WELLS FARGO HOME MORTGAGE
PO BOX 30427
LOS ANGELES CA 90030-0427

| | |
|---|---|
| **Additional Escrow** E | $ |
| **Total Amount Enclosed** F (Please do not send cash) | $ |

708 0006812565 0 10000317648033067341574744129424 00000007404635780 5

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3      Debtors-in-possession Bob Ray Rivera and Debra Diane Rivera submit the following

4 memorandum of points and authorities in support of their objection to claim:

5      1.      For the reasons set forth in the accompanying declaration of debtor Bob Ray

6 Rivera, the court should enter an order declaring the unpaid balance of the arrearages to be

7 $52,911.71, and not $71,338.80 as asserted by secured creditor Wells Fargo Bank, N.A.

8      2.      For the reasons set forth in the accompanying declaration of debtors' counsel,

9 the court should enter an order that debtors need not pay interest on the arrearages to be paid

10 through the plan unless, by way of opposition to debtors' within objection to claim, Wells

11 Fargo Bank, N.A. establishes that interest charged on the arrearages is not a double charge

12 for interest on the unpaid balance of the underlying loan.

13

14 DATED:  October 26, 2012              PHILIP D. DAPEER
                                        A Law Corporation

15                                      _____

16                                      PHILIP D. DAPEER

17                                      Attorney for Debtors-In-Possession
                                        Bob Ray Rivera and Debra Diane Rivera

18

19

20

21

22

23

24

25

26

27

28

1

Notice of Objection to Claim - *Page 2*                          **F 3007-1.3**

| In re Bob Ray Rivera and Debra Diane Rivera | CHAPTER 11 |
|---|---|
| Debtor. | CASE NUMBER 6:10-bk-45080 DS |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as Notice to Objection to Claims; *objection to Claim; Supporting Declarations and Memorandum* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 11/26/12 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☑ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/26/12 | Philip D. Dapeer | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Notice of Objection to Claim - *Page 3*                                   **F 3007-1.3**

| In re Bob Ray Rivera and Debra Diane Rivera | CHAPTER 11 |
|---|---|
| Debtor. | CASE NUMBER 6:10-bk-45080 DS |

**ADDITIONAL SERVICE INFORMATION (if needed):**

NEF List:
Richard J Bauer rbauer@mileslegal.com
Patrick K Bruso generalmail@alvaradoca.com
Greg P Campbell ecfcacb@piteduncan.com
Philip D Dapeer PhilipDapeer@AOL.com
Mark Domeyer mdomeyer@mileslegal.com
Abram Feuerstein abram.s.feuerstein@usdoj.gov
Todd S Garan ecfcacb@piteduncan.com
Christopher M McDermott ecfcacb@piteduncan.com
Randall P Mroczynski randym@cookseylaw.com
Casey J OConnell ecfcacb@piteduncan.com
Edward G Schloss egs2@ix.netcom.com
United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov
Darlene C Vigil cdcaecf@bdfgroup.com
Edward T Weber bknotice@rcolegal.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                            **F 3007-1.3**