| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Philip D. Dapeer (SBN 53378)<br>Philip D. Dapeer, a law corporation<br>2625 Townsgate Road, Suite 330<br>Westlake Village, CA 91361<br>Tel: (323) 954-9144; Fax (323) 954-0457<br><br>*Attorney for* Debtor In Possession Bob Ray Rivera and Debra Diane Rivera | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: Bob Ray Rivera and Debra Diane Rivera | CHAPTER 11 |
|---|---|
| | CASE NUMBER 6:10-bk-45080 DS |
| | DATE: 12/20/12 |
| | TIME: 1:00 pm |
| Debtor. | COURTROOM: 304 |

## NOTICE OF MOTION FOR:

> Motion to permit Debtors to execute all documents and consent to loan modification agreement

*(Specify name of Motion)*

1. TO: Creditors, Parties In Interest, The United States Trustee and Their Attorneys:

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

| Hearing Date: 12/20/12   Time: 1:00 pm   Courtroom: 304   Floor: |
|---|
| ☐ 255 East Temple Street, Los Angeles          ☐ 411 West Fourth Street, Santa Ana<br>☐ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara<br>☒ 3420 Twelfth Street, Riverside |

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the Judge's self-calendaring procedures.

Dated: 11/12/12

Philip D. Dapeer, a law corporation
*Law Firm Name*

By: _____

Name: Philip D. Dapeer
*Attorney for Movant*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 F 9013-1.1

1  PHILIP D. DAPEER (State Bar No. 53378)
   PHILIP D. DAPEER
2  A Law Corporation
   2625 Townsgate Road, Suite 330
3  Westlake Village, California 91361-5749
   Telephone: (323) 954-9144
4  Facsimile:  (323) 954-0457

5  Attorney for Debtors-In-Possession

6

7              UNITED STATES BANKRUPTCY COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

10 In re:                              Case No.: 6:10-bk-45080-DS

11 BOB RAY RIVERA and DEBRA DIANE       [Chapter 11]
   RIVERA,
12                                      MOTION FOR ORDER PERMITTING
            Debtors-In-Possession.      DEBTORS TO EXECUTE ALL
13                                      DOCUMENTS AND PROVIDE
                                        REQUIRED CONSENTS FOR A LOAN
14                                      MODIFICATION AGREEMENT

15                                      Date:   12/26/12
                                        Time:   1:00 pm
16                                      Ctrm: 304

17

18        Debtors Bob Ray Rivera and Debra Diane Rivera, debtors-in-possession in this case,

19 by and through their reorganization counsel, hereby move this court for entry of an order

20 permitting them to execute all documents and give appropriate consents to a loan

21 modification agreement with respect to the real property located at 26492 Silverado Court,

22 Moreno Valley, CA 92555, and in support thereof respectfully represent as follows:

23

24        1.    The debtors are currently debtors-in-possession in the pending Chapter 11

25 case.  Plan confirmation proceedings are pending before the court.

26

27        2.    The property that is the subject of this motion is a single family residence

28 located at 26492 Silverado Court, Moreno Valley, CA 92555.

                                        1

1     3.    Title to the subject property had mistakenly been transferred from debtors' son,

2 Michael J. Rivera, to debtors.

3

4     4.    The matter regarding title to the subject property became the subject of an

5 objection by Bank of America, N.A. to the debtors' disclosure statement in this case. Bank

6 of America, N.A. is the holder of the first priority lien on the subject property.

7

8     5.    The objection was resolved by a stipulation previously placed in the record of

9 the proceedings in this case that the debtors disclaimed any ownership interest in the subject

10 property and that Bank of America, N.A. could have immediate relief from the automatic

11 stay in order to proceed with the exercise of its state court remedies under the applicable

12 promissory note and deed of trust.

13

14     6.    Fee title to the subject property rests in debtors' son, Michael J. Rivera.

15

16     7.    Michael J. Rivera has negotiated a loan modification agreement with Bank of

17 America, N.A. which modification agreement is the subject of this motion.

18

19     8.    For reasons unknown to debtors, Bank of America, N.A. has insisted that

20 debtors obtain the consent of this court for the bank to proceed with the loan modification

21 agreement with non-debtor Michael J. Rivera.

22

23     9.    Debtors do not claim any interest whatsoever in the subject property and the

24 subject property is not the subject of debtors' pending plan of reorganization. Debtors

25 imagine that an order of this court allowing debtors to execute all documents and give

26 appropriate consents to the loan modification agreement proposed between Bank of America,

27 N.A. and Michael J. Rivera is for purposes of clearing the chain of title to the subject

28 property.

MOTION FOR ORDER PERMITTING DEBTORS TO EXECUTE DOCUMENTS AND PROVIDE CONSENTS FOR LOAN MODIFICATION

1       10.    In any event, debtors seek such consent from this court in order to facilitate the

2    closing of the loan modification agreement on the subject property.

3

4    DATED: November 14, 2012          PHILIP D. DAPEER
                                    A Law Corporation

5

6                                      PHILIP D. DAPEER

7                                      Attorney for Debtors-In-Possession

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR ORDER PERMITTING DEBTORS TO EXECUTE DOCUMENTS AND PROVIDE CONSENTS FOR LOAN MODIFICATION

1

2

3

4

## DECLARATION OF BOB RAY RIVERA

I, Bob Ray Rivera, declare:

5

6

7

8

1.      I am a debtor-in-possession in this case.  The other debtor-in-possession is my wife, Debra Diane Rivera.  I have personal knowledge of the facts set forth in this declaration and if called and sworn as a witness could and would competently testify thereto.

9

10

11

12

13

14

2.      I give this declaration in support of debtors' within motion for order permitting them to execute all documents necessary and to give appropriate consents for the closing of a loan modification agreement between Bank of America, N.A. and debtors' son, Michael J. Rivera, concerning the subject property located at 26492 Silverado Court, Moreno Valley, CA 92555.

15

16

17

18

19

3.      Title to the subject property for some period of time was mistakenly vested in the debtors.  The matter was the subject of an objection filed by Bank of America, N.A. to debtors' disclosure statement.  Bank of America, N.A. is the holder of the first priority lien on the subject property.

20

21

22

23

24

4.      The issue raised by Bank of America, N.A. was resolved by a stipulation of the debtors waiving an abandoning any interest in the subject property and stipulating to relief from stay so that Bank of America, N.A. could proceed to exercise its state court remedies under the applicable promissory note and deed of trust.

25

26

27

28

5.      Debtors' son, Michael J. Rivera, who is the proper and vested fee simple owner of the subject property, has negotiated a loan modification agreement with Bank of America, N.A.

4

6.      A copy of the loan modification agreement is attached hereto, marked Exhibit "A" and incorporated herein by this reference.

7.      Debtors' counsel in this case, Philip D. Dapeer, has received e-mails communications from the lender requiring that debtors obtain the consent of this court for them to execute whatever documents may be required by Bank of America, N.A. in order to consummate the proposed loan modification agreement and to give their consent to such agreement. True copies of those e-mail communications are attached hereto, marked Exhibit "B" and incorporated herein by this reference.

8.      My wife and I do wish to facilitate the loan modification agreement between our son and Bank of America, N.A. Consequently, we seek, by this motion, an order of this court authorizing debtors to execute what documents may be required by Bank of America, N.A. in order to facilitate the loan modification agreement and thereby acknowledge our consent to the loan modification agreement.

9.      Debtors believe that the relief sought on this motion has no impact whatsoever on our pending plan of reorganization or the confirmation of the plan as presently before the court. The debtors' plan and disclosure statement confirm that the debtors do not assert any right, title, claim or interest in the subject property.

Executed at Riverside, California this ___ day of November, 2012.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Bob Ray Rivera

5

Investor Loan # _____2149168975415492555_____

**After Recording Return To:**
Bank of America, N.A.
11802 Ridge Parkway, Ste 100 HRM
HOME RETENTION
Broomfield, CO 80021

This document was prepared by Bank of America, N.A.

_____[Space Above This Line For Recording Data]_____

## FANNIE MAE LOAN MODIFICATION AGREEMENT

Borrower ("I")[1]: MICHAEL J RIVERA
Original Lender/Beneficiary Lender or Servicer ("Lender"): Bank of America, N.A.
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and
Note ("Note"): 07/21/2003
Loan Number: 21493191523092555
Property Address (See Exhibit A for Legal Description if applicable) "Property": 26492
SILVERADO COURT, MORENO VALLEY, CA 92555
See Exhibit B for assignments of record if applicable

If my representations and covenants in Section 1 continue to be true in all material
respects, then this Loan Modification Agreement ("Agreement") will, as set forth in
Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note
secured by the Mortgage. The Mortgage and Note together, as they may previously
have been amended, are referred to as the "Loan Documents." Capitalized terms used
in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the
Lender will send me a signed copy of this Agreement. This Agreement will not take
effect unless the preconditions set forth in Section 2 have been satisfied.

_____

1 If more than one Borrower or Mortgagor is executing this document, each is referred to as "I".
For purposes of this document words signifying the singular (such as "I") shall include the plural
(such as "we") and vice versa where appropriate.



FNMA-140890                                                                    8116 08-09

A

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

   B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;

   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

   D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the FANNIE MAE Modification Program ("Program"));

   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

   G. I have made or will make all payments required under a trial period plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred.

FNMA-140890                                                              8116 08-09

I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on October 1, 2012 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on October 1, 2012.

   A. The Maturity Date will be: September 1, 2052.

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $184,569.58 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

   C. Interest at the rate of 4.625% will begin to accrue on the New Principal Balance as of September 1, 2012 and the first new monthly payment on the New Principal Balance will be due on October 1, 2012. The repayment terms of my modified loan are as follows:

   Maturity Date: September 1, 2052
   Interest Rate: 4.625%
   New Principal Balance: $184,569.58
   First Modified Payment Due Date: October 1, 2012
   Number of Monthly Payments: 480
   Monthly Principal and Interest Payment: $844.64
   Estmated Monthly Escrow Payment: $298.85
   Total Monthly Payment: $1,143.49

   *The escrow payments may be adjusted periodically in accordance with the applicable law and therefore my total monthly payment may change accordingly.

FNMA-140890                                                                8116 08-09

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D.  I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4.  **Additional Agreements.** I agree to the following:

A.  That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B.  That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C.  To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.  That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

FNMA-140890                                                                 8116 08-09

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

FNMA-140890

8116 08-09

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I also agree to allow Lender to attach an Exhibit A to this loan modification which will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Fannie Mae Loan Modification Program.

L. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

M. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

N. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

O. If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

P. BORROWERS PROTECTION PLAN    If I have a Loan with Borrowers Protection Plan® ("BPP") under my Loan Documents, then I understand and agree that, unless I notify Lender of my request to cancel BPP or my BPP has already been cancelled or terminated in accordance with its terms, my BPP will remain on my Loan, as modified in accordance with this Agreement, and will continue to be governed by the terms of my Borrowers Protection Plan Addendum, which is the contract containing the terms and conditions of BPP that I received at closing of my original Loan.

I understand that I may cancel BPP at any time by calling 1-866-554-2676. If I notify the Lender of my request to cancel BPP within sixty (60) days after the Modification Effective Date, I will receive a refund of any BPP fees I pay with respect to any period after the Modification Effective Date. I further understand that BPP on my Loan may have already been cancelled or terminated by its terms, such as if any monthly fee for BPP has remained unpaid 90 days after its due date.

FNMA-140890                                                                                    8116 08-09

For purposes of my modified Loan, the "Monthly Payment" under the Borrowers Protection Plan Addendum will be the monthly payment of principal and/or interest as modified under this Agreement. With the exception of BPP benefits based on the outstanding balance of my Loan (if any), benefits under the BPP on my modified Loan will be calculated based on this new Monthly Payment amount, subject to the terms of the Borrowers Protection Plan Addendum.

For purposes of my modified Loan, the monthly fee for BPP, which is the monthly amount charged to me for BPP, will be recalculated based on the percentage set forth in my Borrowers Protection Plan Addendum (or Borrowers Protection Plan Confirmation Letter, as applicable). I understand that the monthly fee for BPP, as a percentage of my monthly payment of principal and/or interest as modified under this Agreement, may be higher if the monthly payment under my modified Loan is or becomes higher than the monthly payment that was due on my Loan prior to modification under this Agreement. The monthly fee for BPP will be payable at the same time and place as payments of principal and/or interest under my modified Loan. The "Protection Date" under the Borrowers Protection Plan Addendum, which is the date upon which my BPP became effective, and the "Expiration Date" under the Borrowers Protection Plan Addendum, which is the date upon which my BPP will automatically expire, will not be changed by this Agreement. I will refer to my Borrowers Protection Plan Addendum for complete terms and conditions of my BPP.

If I have experienced a qualifying event that is eligible for benefits under BPP, I should contact Bank of America immediately by calling 1-866-317-5116.

Q. **OPTIONAL PRODUCTS PURCHASED AFTER CLOSING**  I understand and agree that any optional product(s) I may have purchased after the closing of my Loan, the cost for which I agreed to have added to my Total Monthly Payment: (a) will remain in force so long as I add the amount due and owing to my Total Monthly Payment each month; and (b) will continue to be governed by the terms of the documents the provider of the optional product delivered to me ("Governing Documents"), unless (i) I notify the provider of the optional product of my request to cancel; or (ii) I fail to pay any and all amounts payable when due, at which time the optional product may terminate as provided under the terms of the Governing Documents.  I understand that if I have questions regarding any optional product(s) I may have purchased, I should contact Bank of America by calling 800-641-5298.

FNMA-140890

8116 08-09

R.  In the event of default under this Agreement and/or the Loan Documents, I absolutely assign and transfer to Lender any and all rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. I unconditionally authorize Lender or Lender's agents to collect the Rents, and agree that each tenant of the Property shall pay the Rents to Lender or Lender's agents. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only. I further agree that all Rents collected by Lender or Lender's agents shall be applied first to any fees, charges, assessments or other costs associated with managing the Property and collecting the Rents. Any amounts collected that exceed the costs of managing the Property and collecting the Rents shall be applied to the outstanding indebtedness under the Loan Documents in the manner described in the Loan Documents. If the amounts collected are insufficient to cover the costs of managing the Property and collecting the Rents, any additional expenditure by Lender for such purpose shall become indebtedness secured by the Security Instrument as per the Loan Documents. This assignment of Rents of the Property shall terminate when the indebtedness secured by the Security Instrument is paid in full. Upon Lender's request after default, I shall assign to Lender any lease and/or sublease (collectively "Lease") of the Property and all security deposits made in connection with any Lease of the Property.

Upon the assignment, Lender shall have the right to modify, renew, extend or terminate any Lease, in its sole discretion. I represent and warrant that I have not executed any prior assignment of Lease or the Rents, and have not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph or the Loan Documents.

S.  I agree that if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, accelerate the debt and require immediate payment of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Agreement. If Lender exercises this option, Lender shall give notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed to pay all sums secured by the Security Instrument. Unless these sums are paid prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand.

FNMA-140890

8116 08-09

In Witness Whereof, the Lender and I have executed this Agreement.

_____
MICHAEL J RIVERA

Oct, 15, 2012
Date

FNMA-140890                                                                                          8116 08-09

**DO NOT WRITE BELOW THIS LINE.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
THIS SECTION IS FOR INTERNAL USE ONLY

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans
Servicing, LP
    By: Urban Settlement Services, LLC, its attorney in fact

By: _____          Dated: _____


Name:
Title :


Signatures continue on the following page

FNMA-140890                                                                8116 08-09

Mortgage Electronic Registration Systems, Inc. -
Nominee for Bank of America, N.A.

By: _____          _____
                                      Date

_____
Printed Name and Title

FNMA-140890                                                    8118 08-09

Investor Loan # _____2149168975415492555_____

**After Recording Return To:**
Bank of America, N.A.
11802 Ridge Parkway, Ste 100 HRM
HOME RETENTION
Broomfield, CO 80021

This document was prepared by Bank of America, N.A.

_____[Space Above This Line For Recording Data]_____

### FANNIE MAE LOAN MODIFICATION AGREEMENT

Borrower ("I")[1]: MICHAEL J RIVERA
Original Lender/Beneficiary Lender or Servicer ("Lender"): Bank of America, N.A.
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and
Note ("Note"): 07/21/2003
Loan Number: 21493191523092555
Property Address (See Exhibit A for Legal Description if applicable) "Property": 26492
SILVERADO COURT, MORENO VALLEY, CA 92555
See Exhibit B for assignments of record if applicable

If my representations and covenants in Section 1 continue to be true in all material
respects, then this Loan Modification Agreement ("Agreement") will, as set forth in
Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note
secured by the Mortgage. The Mortgage and Note together, as they may previously
have been amended, are referred to as the "Loan Documents." Capitalized terms used
in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the
Lender will send me a signed copy of this Agreement. This Agreement will not take
effect unless the preconditions set forth in Section 2 have been satisfied.

_____

1 If more than one Borrower or Mortgagor is executing this document, each is referred to as "I".
For purposes of this document words signifying the singular (such as "I") shall include the plural
(such as "we") and vice versa where appropriate.



FNMA-140890

8116 08-09

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

   B. One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;

   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

   D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the FANNIE MAE Modification Program ("Program"));

   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

   G. I have made or will make all payments required under a trial period plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred.

FNMA-140890

8116 08-09

I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.  **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on October 1, 2012 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on October 1, 2012.

    A.  The Maturity Date will be: September 1, 2052.

    B.  The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $184,569.58 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

    C.  Interest at the rate of 4.625% will begin to accrue on the New Principal Balance as of September 1, 2012 and the first new monthly payment on the New Principal Balance will be due on October 1, 2012. The repayment terms of my modified loan are as follows:

        Maturity Date: September 1, 2052
        Interest Rate: 4.625%
        New Principal Balance: $184,569.58
        First Modified Payment Due Date: October 1, 2012
        Number of Monthly Payments: 480
        Monthly Principal and Interest Payment: $844.64
        Estmated Monthly Escrow Payment: $298.85
        Total Monthly Payment: $1,143.49

        *The escrow payments may be adjusted periodically in accordance with the applicable law and therefore my total monthly payment may change accordingly.

FNMA-140890

8116 08-09

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4. **Additional Agreements**. I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.



FNMA-140890

8116 08-09

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

FNMA-140890

B116 08-09

J.  That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I also agree to allow Lender to attach an Exhibit A to this loan modification which will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

K.  That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Fannie Mae Loan Modification Program.

L.  That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

FNMA-140890                                                              8116 08-09

M. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

N. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

O. If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

P. BORROWERS PROTECTION PLAN    If I have a Loan with Borrowers Protection Plan® ("BPP") under my Loan Documents, then I understand and agree that, unless I notify Lender of my request to cancel BPP or my BPP has already been cancelled or terminated in accordance with its terms, my BPP will remain on my Loan, as modified in accordance with this Agreement, and will continue to be governed by the terms of my Borrowers Protection Plan Addendum, which is the contract containing the terms and conditions of BPP that I received at closing of my original Loan.

I understand that I may cancel BPP at any time by calling 1-866-554-2676. If I notify the Lender of my request to cancel BPP within sixty (60) days after the Modification Effective Date, I will receive a refund of any BPP fees I pay with respect to any period after the Modification Effective Date. I further understand that BPP on my Loan may have already been cancelled or terminated by its terms, such as if any monthly fee for BPP has remained unpaid 90 days after its due date.

For purposes of my modified Loan, the "Monthly Payment" under the Borrowers Protection Plan Addendum will be the monthly payment of principal and/or interest as modified under this Agreement. With the exception of BPP benefits based on the outstanding balance of my Loan (if any), benefits under the BPP on my modified Loan will be calculated based on this new Monthly Payment amount, subject to the terms of the Borrowers Protection Plan Addendum.

For purposes of my modified Loan, the monthly fee for BPP, which is the monthly amount charged to me for BPP, will be recalculated based on the percentage set forth in my Borrowers Protection Plan Addendum (or Borrowers Protection Plan Confirmation Letter, as applicable). I understand that the monthly fee for BPP, as a percentage of my monthly payment of principal and/or interest as modified under this Agreement, may be higher if the monthly payment under my modified Loan is or becomes higher than the monthly payment that was due on my Loan prior to modification under this Agreement. The monthly fee for BPP will be payable at the same time and place as payments of principal and/or interest under my modified Loan. The "Protection Date" under the Borrowers Protection Plan Addendum, which is the date upon which my BPP became effective, and the "Expiration Date" under the Borrowers Protection Plan Addendum, which is the date upon which my BPP will automatically expire, will not be changed by this Agreement. I will refer to my Borrowers Protection Plan Addendum for complete terms and conditions of my BPP.

If I have experienced a qualifying event that is eligible for benefits under BPP, I should contact Bank of America immediately by calling 1-866-317-5116.

Q. OPTIONAL PRODUCTS PURCHASED AFTER CLOSING   I understand and agree that any optional product(s) I may have purchased after the closing of my Loan, the cost for which I agreed to have added to my Total Monthly Payment: (a) will remain in force so long as I add the amount due and owing to my Total Monthly Payment each month; and (b) will continue to be governed by the terms of the documents the provider of the optional product delivered to me ("Governing Documents"), unless (i) I notify the provider of the optional product of my request to cancel; or (ii) I fail to pay any and all amounts payable when due, at which time the optional product may terminate as provided under the terms of the Governing Documents.   I understand that if I have questions regarding any optional product(s) I may have purchased, I should contact Bank of America by calling 800-641-5298.

FNMA-140890

8116 08-09

R.  In the event of default under this Agreement and/or the Loan Documents, I absolutely assign and transfer to Lender any and all rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. I unconditionally authorize Lender or Lender's agents to collect the Rents, and agree that each tenant of the Property shall pay the Rents to Lender or Lender's agents. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only. I further agree that all Rents collected by Lender or Lender's agents shall be applied first to any fees, charges, assessments or other costs associated with managing the Property and collecting the Rents. Any amounts collected that exceed the costs of managing the Property and collecting the Rents shall be applied to the outstanding indebtedness under the Loan Documents in the manner described in the Loan Documents. If the amounts collected are insufficient to cover the costs of managing the Property and collecting the Rents, any additional expenditure by Lender for such purpose shall become indebtedness secured by the Security Instrument as per the Loan Documents. This assignment of Rents of the Property shall terminate when the indebtedness secured by the Security Instrument is paid in full. Upon Lender's request after default, I shall assign to Lender any lease and/or sublease (collectively "Lease") of the Property and all security deposits made in connection with any Lease of the Property.

Upon the assignment, Lender shall have the right to modify, renew, extend or terminate any Lease, in its sole discretion. I represent and warrant that I have not executed any prior assignment of Lease or the Rents, and have not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph or the Loan Documents.

S.  I agree that if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, accelerate the debt and require immediate payment of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Agreement. If Lender exercises this option, Lender shall give notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed to pay all sums secured by the Security Instrument. Unless these sums are paid prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand.

FNMA-140690                                                                                       8116 08-09

In Witness Whereof, the Lender and I have executed this Agreement.

_Michael S. Rivera_
MICHAEL J RIVERA

_Oct. 19. 2012_
Date

FNMA-140890                                                                8116 08-09

**DO NOT WRITE BELOW THIS LINE.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
THIS SECTION IS FOR INTERNAL USE ONLY

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans
Servicing, LP
         By: Urban Settlement Services, LLC, its attorney in fact

         By:                                    Dated:
            _____                _____


         Name:
         Title  :


Signatures continue on the following page

FNMA-140890                                                              8116 08-09

Mortgage Electronic Registration Systems, Inc. -
Nominee for Bank of America, N.A.

By: _____

_____
Date

_____
Printed Name and Title

FNMA-140890    8116 08-09

Notice of Motion (with Hearing) - *Page 2*                          **F 9013-1.1**

| In re  Bob Ray Rivera and Debra Diane Rivera | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NO.: 6:10-bk-45080 DS |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2625 Townsgate Road, Suite 330, Westlake Village, CA 91361

A true and correct copy of the foregoing document described as Motion to permit Debtors to execute all documents and consent to loan modification agreement _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On 11/12/12 _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☑ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)**:
On 11/12/12 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/12/12 | Philip D. Dapeer | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                      **F 9013-1.1**

Notice of Motion (with Hearing) - *Page 3*

**F 9013-1.1**

| In re  Bob Ray Rivera and Debra Diane Rivera | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NO.: 6:10-bk-45080 DS |

<u>**ADDITIONAL SERVICE INFORMATION**</u> (if needed):

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Richard J Bauer rbauer@mileslegal.com
Patrick K Bruso generalmail@alvaradoca.com
Greg P Campbell ecfcacb@piteduncan.com
Philip D Dapeer PhilipDapeer@AOL.com
Mark Domeyer mdomeyer@mileslegal.com
Abram Feuerstein abram.s.feuerstein@usdoj.gov
Todd S Garan ecfcacb@piteduncan.com
Christopher M McDermott ecfcacb@piteduncan.com
Randall P Mroczynski randym@cookseylaw.com
Casey J OConnell ecfcacb@piteduncan.com
Edward G Schloss egs2@ix.netcom.com
United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov
Darlene C Vigil cdcaecf@bdfgroup.com
Edward T Weber bknotice@rcolegal.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2625 Townsgate Road, Suite 330, Westlake Village, CA 91361-5749.

A true and correct copy of the foregoing document entitled:  **MOTION FOR ORDER PERMITTING DEBTORS TO EXECUTE ALL DOCUMENTS AND PROVIDE REQUIRED CONSENTS FOR A LOAN MODIFICATION AGREEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November *14*, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

>    Richard J Bauer rbauer@mileslegal.com
>    Patrick K Bruso generalmail@alvaradoca.com
>    Greg P Campbell ecfcacb@piteduncan.com
>    Philip D Dapeer PhilipDapeer@AOL.com
>    Mark Domeyer mdomeyer@mileslegal.com
>    Abram Feuerstein abram.s.feuerstein@usdoj.gov
>    Todd S Garan ecfcacb@piteduncan.com
>    Christopher M McDermott ecfcacb@piteduncan.com
>    Randall P Mroczynski randym@cookseylaw.com
>    Casey J OConnell ecfcacb@piteduncan.com
>    Edward G Schloss egs2@ix.netcom.com
>    United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov
>    Darlene C Vigil cdcaecf@bdfgroup.com
>    Edward T Weber bknotice@rcolegal.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On November *14*, 2012, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        **F 9013-3.1 PROOF.SERVICE**

1  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

2

3  Date: November _14_, 2012          Philip D. Dapeer          _/s/ Philip D. Dapeer_

Signature

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

In re: Bob Ray Rivera and Debra Diane Rivera
United States Bankruptcy Court, Central District of California – Riverside County
Case No.:  6:10-bk-45080-DS

SERVICE LIST

| | | |
|---|---|---|
| Employment Development Dept<br>Bankruptcy Group MIC 92E<br>PO Box 826880<br>Sacramento, CA | Franchise Tax Board<br>Attn: Bankruptcy<br>PO Box 2952<br>Sacramento, CA 95812-2952 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 21126<br>Philadelphia, PA 19114-0326 |
| Securities Exchange Commission<br>5670 Wilshire Blvd., 11th Floor<br>Los Angeles, CA 90036-5627 | Riverside Division<br>3420 Twelfth Street<br>Riverside, CA 92501-3842 | Altura Credit<br>2847 Campus Parkway<br>Riverside, CA 92507-0906 |
| Altura Credit Union Visa<br>PO Box 60039<br>City of Industry, CA 91716-0039 | Arco Gas Pro Plus<br>PO Box 70887<br>Charlotte, NC 28272-0887 | Altura Credit Union<br>PO Box 908, Attn: Kristin Lewis<br>Riverside, CA 92502-0908 |
| BAC Home Loans<br>PO Box 515503<br>Los Angeles, CA 90051-6803 | Bob Ray Rivera<br>1083 Crestbrook Drive<br>Riverside, CA 92506-5663 | Debra Diane Rivera<br>1083 Crestbrook Drive<br>Riverside, CA 92506-5663 |
| Citibank<br>PO Box 6241<br>Sioux Falls, SD 57117-6241 | Discover Financial Services<br>PO Box 15316<br>Wilmington, DE 19850 | Ford Motor Credit<br>PO Box 542000<br>Omaha, NE 68154-8000 |
| Ford Motor Credit Company<br>PO Box 7172<br>Pasadena, CA 91109-7172 | GE Money Bank<br>PO Box 103104<br>Rosewell, GA 30076-9104 | Home Depot Credit<br>PO Box 182676<br>Columbus, OH 43218-2676 |
| Kohl's<br>PO Box 2983<br>Milwaukee, WI 53201-2983 | Labcorp of America<br>PO Box 2240<br>Burlington, NC 27216-2240 | Litton Loan Servicing<br>4828 Loop Central Drive<br>Houston, TX 77081-2166 |
| NDEX West LLC<br>15000 Surveyor Blvd., Ste 500<br>Addison, TX 75001-4417 | Riverside Medical<br>1660 Arlington Avenue<br>Riverside, CA 92506-3987 | Shell/Citi Bank<br>PO Box 6497<br>Sioux Falls, SD 57117-6497 |
| Specialized Loan<br>8742 Lucent Blvd., Ste 300<br>Highland Ranch, CO 80129-2386 | United States Trustee (RS)<br>3685 Main Street, Suite 300<br>Riverside, CA 92501-2804 | Wachovia Mortgage<br>PO Box 1697<br>Winterville, NC 28590-1697 |
| Wells Fargo Card Services<br>18700 NW Walker Road<br>Beaverton, OR 97006-2950 | Wells Fargo Home Mortgage<br>PO Box 10335<br>Des Moines, IA 50306-0335 | Wells Fargo, N.A.<br>c/o Wells Fargo Card Services<br>PO Box 9210<br>Des Moines, IA 50306-9210 |