1  Christopher M. McDermott (SBN 253411)
   cmcdermott@piteduncan.com
2  Matthew R. Clark (SBN 271054)
   mclark@piteduncan.com
3  Todd S. Garan (SBN 236878)
   tgaran@piteduncan.com
4  **PITE DUNCAN, LLP**
   4375 Jutland Drive, Suite 200
5  P.O. Box 17933
   San Diego, CA 92177-0933
6  Telephone: (858) 750-7600
   Facsimile: (619) 590-1385
7
   Attorneys for
8  Wells Fargo Bank, N.A.

9  **UNITED STATES BANKRUPTCY COURT**

10  **CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| | |
|---|---|
| 11  In re | Case No. 6:10-bk-45080 |
| 12  BOB RAY RIVERA AND DEBRA DIANE RIVERA, | Chapter 11 |
| 13        Debtors. | **STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION** |
| 14 | |
| 15 | |
| 16 | **PRINCIPAL RESIDENCE**: |
| 17 | 1083 Crestbrook Drive, Riverside, CA 92506 |
| 18 | **CONFIRMATION HEARING:** |
| 19 | Date: January 31. 2013 Time: 1:30 p.m. Ctrm: |

20      This Stipulation ("Stipulation") is entered into by and between Secured Creditor Wells
21  Fargo Bank, N.A. ("Wells Fargo"), by and through its attorneys of record, Pite Duncan LLP, and
22  Bob Ray Rivera and Debra Diane Rivera, (the "Debtors"), by their attorney of record, Philip
23  Dapeer.
24      The property which is the subject of this matter is commonly known as 1083 Crestbrook
25  Drive, Riverside, CA 92506 (hereinafter the "Subject Property").
26      On or about May 19, 2008, Debtors, for valuable consideration, made, executed and
27  delivered to Wachovia Mortgage, FSB ("Wachovia") a Note in the principal sum of $384,000.00
28  (the "Note").

- 1 -
**STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER DEBTORS'
PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**

1   On or about May 19, 2008, Debtors made, executed and delivered to Wachovia a Deed of

2   Trust (the "Deed of Trust") granting Wachovia a security interest in the Subject Property. The

3   Deed of Trust was recorded on April 8, 2008, in the Official Records of Riverside County, State

4   of California.

5   On or about November 1, 2009, Wachovia converted to a national bank with the name

6   Wells Fargo Bank Southwest, National Association.  Additionally, effective November 1, 2009,

7   Wells Fargo Bank Southwest, National Association merged with Wells Fargo Bank, National

8   Association.

9   On or about March 26, 2010, Debtors entered into a Loan Modification Agreement

10   ("Loan Modification") with Wells Fargo thereby modifying the unpaid principal balance due

11   under the Note to $402,205.68 to be amortized over the remaining term of the Note at 6.5%

12   interest per annum with a monthly payment of principal and interest in the amount of $2,605.08.

13   On or about October 29, 2010, Debtors filed a voluntary petition under Chapter 11 of the

14   Bankruptcy Code in the Central District of California-Riverside Division and were assigned

15   bankruptcy case no. 10-bk-45080.

16   On or about June 11, 2012, Debtors filed their Third Amended Chapter 11 Plan (the

17   "Plan").

18   On or about July 30, 2012, Wells Fargo filed its Objection to Confirmation of Debtors'

19   Plan of Reorganization.

20   At the Confirmation Hearing held August 23, 2012, the court ordered further briefing on

21   the issue of whether Debtors were permitted to cure contractual arrears over a period of longer

22   than sixty (60) months and whether that amounted to a modification in violation of 11 U.S.C. §

23   1123(b)(5).

24   At the hearing on October 2, 2012, the Court held that the cure of contractual arrears over

25   a period of longer than sixty (60) months was an impermissible modification to the right of a

26   claim secured solely by the Debtors' principal residence.

27   On or about October 26, 2012, Debtors' filed their Objection to Claim # 19-2 of Wells

28   Fargo entered at Docket Number 175 ("Objection to Claim").

**STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER DEBTORS'
PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**

1    Since that time, the parties have been involved in discussions attempting to resolve the

2    dispute over the current amount of contractual arrears owed on the Loan.

3    **THE PARTIES STIPULATE AS FOLLOWS:**

4    1.    Wells Fargo's claim secured by the Subject Property shall not be modified by the

5    Debtors' Plan pursuant to 11 U.S.C. § 1123(b)(5) as Wells Fargo's claim is secured by the

6    Debtors' principal residence. Wells Fargo's claim shall be impaired pursuant to 11 U.S.C. § 1124

7    only to the extent that Debtors shall cure the contractual arrears as set forth herein.

8    2.    Debtors shall tender regular monthly payments to Wells Fargo at the contractual amount

9    per the Note, Loan Modification, and Deed of Trust commencing **February 1, 2013**, and

10   continuing on the first day of each month thereafter, until all outstanding amounts owed under

11   the Note, Loan Modification, and Deed of Trust are paid in full.

12   3.    Debtors shall cure the contractual arrears owing on Wells Fargo's claim in the amount of

13   $73,099.36 in equal monthly installments over the next sixty (60) months. Debtors shall tender

14   arrearage payments in the amount of **$1,218.32** per month commencing on **February 1, 2013,**

15   but not later than February 15, 2013, and continuing on the first day of each month thereafter, but

16   not later than the fifteenth of each month thereafter, until the contractual arrears owing on Wells

17   Fargo's claim have been fully cured.

18   4.    Debtors shall maintain real property taxes and real property hazard insurance for the

19   Subject Property and provide proof of said insurance to Wells Fargo on a timely basis.

20   5.    Except as otherwise expressly provided herein, all remaining terms of the Note, Loan

21   Modification, and Deed of Trust shall govern the treatment of Wells Fargo's Secured Claim.

22   6.    In the event of any future default on any of the above-described provisions, inclusive of

23   this Stipulation, Wells Fargo shall provide written notice via first-class mail to Debtors at 1083

24   Crestbrook Drive, Riverside, CA 92506, and to Debtors' attorney of record, Philip Dapeer at

25   2625 Townsgate Rd., Ste 330, Westlake Village, CA 91361, indicating the nature of default. If

26   Debtors fail to cure the default with certified funds after passage of thirty (30) calendar days

27   from the date said written notice is placed in the mail, then the Automatic Stay shall terminate

28   and Wells Fargo may proceed to foreclose its security interest in the Subject Property under the

1    terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter

2    commence any action necessary to obtain complete possession of the Subject Property without

3    further notice, order, or proceeding of this Court.

4    7.    The acceptance by Wells Fargo of a late or partial payment shall not act as a waiver of

5    Wells Fargo's right to proceed hereunder.

6    8.    In the event that Wells Fargo is granted relief from the automatic stay, the parties hereby

7    stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8    9.    In the event the Debtors default under this Stipulation and Wells Fargo forwards a 30-day

9    letter to Debtors, they shall be required to tender $100.00 for each default letter submitted in

10    order to cure the default.

11    10.    At the request of Wells Fargo, the Debtors shall execute such documents and instruments

12    as are necessary to reflect the Debtors as the borrowers of the Secured Claim, and to modify the

13    terms of the obligation to conform with the provisions of the this Stipulation.

14    11.    The terms of this Stipulation may not be modified, altered, or changed by the Plan, any

15    confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization

16    and confirmation order thereon without the express written consent of the Wells Fargo. The

17    terms of this Stipulation shall be incorporated into the Plan and/or any subsequently filed

18    Amended Chapter 11 Plan of Reorganization. In the event the terms of this Stipulation conflict

19    with the terms of the Debtors' Chapter 11 Plan, any amendments or modifications thereto, or any

20    confirmation order thereon, the terms of this Stipulation shall control.

21    12.    In the event the Debtors' case is dismissed or converted to any other chapter under Title

22    11 of the United States Bankruptcy Code, Wells Fargo shall retain its lien in the full amount due

23    under the Note and the automatic stay shall be terminated without further notice, order, or

24    proceeding of the court.

25    /././

26    /././

27    /././

28    /././

**STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER DEBTORS'
PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**

13.    The Parties agree that Creditor's Objection at **Docket Number 150** shall be deemed withdrawn.

14.    The Parties agree that this Stipulation shall constitute the withdrawal of Debtors' Objection to Claim at **Docket Number 175** and shall vacate the hearing on Debtors' Objection to Claim currently scheduled for January 31, 2013.

15.    In exchange for the foregoing, this Stipulation shall constitute a ballot voting in favor of the Debtors' Chapter 11 Plan of Reorganization.


 **IT IS SO STIPULATED**:


Dated:   1/26/13

PHILIP DAPEER
Attorney for the Debtors


PITE DUNCAN, LLP


Dated:   1/28/2013

CASEY O'CONNELL
Attorneys for Wells Fargo Bank, N.A.

- 5 -

STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER DEBTORS'
PROPOSED CHAPTER 11 PLAN OF REORGANIZATION